51622-LSK

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID SMITH,<br><br>           Plaintiff,<br>v.<br><br>The VILLAGE OF DOLTON, Illinois, a municipal corporation, Dolton Police Chief ROBERT E. FOX, SERGEANT REMPSON (#8), Detective D. GRIFFIN (#611), Detective COLEMAN (#607), Detective MCNEAL (609) other UNKNOWN DOLTON POLICE OFFICERS, and Dolton Inspector General ROBERT SHAW,<br>           Defendants. | No. 09 CV 6351<br><br>Judge John W. Darrah<br><br>Magistrate Judge Mason |

## DEFENDANTS' MOTION TO DISMISS COUNTS II, IV, V, AND VI OF PLAINTIFF'S COMPLAINT

NOW Come Defendants, VILLAGE OF DOLTON, Dolton Police Chief ROBERT E. FOX, SERGEANT REMPSON (#8), Detective D. GRIFFIN (#611), Detective COLEMAN (#607), Detective MCNEAL (609), and Dolton Inspector General ROBERT SHAW, by and through their attorneys, Querrey & Harrow, Ltd., and for their Motion to Dismiss, state as follows:

### INTRODUCTION

On October 11, 2009, Plaintiff David Smith filed his Complaint. (Doc. No. 1). This Complaint contains claims based upon his July 26, 2008 encounter and arrest with Defendant Officers. The Complaint is brought pursuant to 42 U.S.C. § 1983 and Illinois law. However, as discussed below, the claims fail to state a viable cause of action. Plaintiff's claims – all disputed by Defendant - are as follows:

    I.    § 1983 Excessive Force
    II.   § 1983 Unlawful Search & Seizure
    III.  Failure to Provide Medical Care
    IV.  Due Process

1

> V. § 1983 Conspiracy
> VI. Policy Claim
> VII. Malicious Prosecution

Plaintiff's individual claims in Counts II, IV, V, and VI should be dismissed because Plaintiff fails to state a cause of action, and thus Defendant's motion to dismiss should be granted in its entirety as to these counts.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) is to test the sufficiency of the Complaint, and not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true the well-pled facts of the Complaint, and draws all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, the Complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which the claim is based. Additionally, the Complaint must plausibly suggest plaintiff's right to relief beyond a speculative level. See *Brooks v. Ross*, No. 08-4286 (7th Cir. August 20, 2009); *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

Counts II, IV, V, and VI of Plaintiff's Complaint wax eloquent about suppressing evidence, conspiracies, endemic unconstitutional policies, and unwarranted searches and seizures, but all Counts fail to state a claim for which relief can be granted. In Count IV of his Complaint, Plaintiff presents a thin Due Process argument alleging a *Brady* violation. However, Plaintiff's *Brady* claim fails for three reasons. First, Plaintiff fails to plead that any prejudice ensued as a result of the alleged *Brady* violation. Second, Plaintiff wrongly conflates suppression

2

of evidence and false statements by police officers. Finally, Plaintiff erroneously relies on the Fourth Amendment as a source of Due Process rights. Count V of Plaintiff's Complaint alleges a conspiracy to cover-up wrongdoing. However, Plaintiff fails to allege any denial of his right to access the courts as a consequence of such a cover-up. Additionally, Plaintiff fails to meet the heightened pleading requirements established for alleging a conspiracy. Finally, Count VI of Plaintiff's Complaint, entitled "Policy Claim" fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In Counts VI and II, Plaintiff presents implausible factual allegations and regurgitations of the basic elements of *Monell* and Fourth Amendment claims, failing to put Defendants on notice of Plaintiff's actual claim.

## I. Plaintiff's Due Process Claim

In Count IV of his Complaint, Plaintiff alleges that Defendant Detectives, Fox, and other Unknown Officers deprived him of his Fourth and Fourteenth Amendment Due Process rights by allegedly withholding material exculpatory evidence. (Doc. No. 1, Par. 44). Thus, Plaintiff is alleging a *Brady* violation. *See Carvajal v. Dominiguez*, 542 F.3d 561, 566 (7th Cir. 2008); *Brady v. Maryland*, 373 U.S. 83 (1963). Plaintiff's amorphous Due Process claim is flawed on multiple levels. First, Plaintiff's Due Process argument fails to meet the base requirements to plead a *Brady* violation. Second, Plaintiff seeks to contravene established case law by equating withholding of exculpatory evidence and the making of false statements. Finally, Plaintiff improperly seeks to use the Fourth Amendment as a foundation to his Due Process rights. Plaintiff's Due Process claim falls on all of these grounds and should therefore be dismissed.

A. *Plaintiff fails to meet the threshold requirements for alleging a* Brady *violation*

Plaintiff alleges that a *Brady* violation occurred by the Defendants' alleged withholding of exculpatory evidence material to Plaintiff's defense. *See* (Doc. No. 1, Par. 44). A Plaintiff must

3

plead three elements in order to allege a *Brady* violation: "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued – in other words, 'materiality.'" *Carvajal*, 542 F.3d at 566-67; *Ray v. City of Chicago*, No. 08 C 7274, 2009 WL 3247894 (N.D. Ill. Oct. 7, 2009). Evidence is material "[i]f there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *Carvajal*, 542 F.3d at 567.

Plaintiff has failed to allege the first and third element required to properly set forth a *Brady* violation. Plaintiff alleges that the Defendants created false and misleading police reports; withheld and/or destroyed documents and other evidence; withheld evidence subpoenaed by Plaintiff; and allegedly lied to prosecutors concerning the existence of a 9-1-1 audio recording. (Doc. No. 1; Par. 21, 27, 28, and 29).

At no time does Plaintiff allege that the 9-1-1 audio recording was exculpatory. The alleged impropriety cannot trigger *Brady* unless the evidence was exculpatory. That was not alleged and Plaintiff's claim fails. Next, Plaintiff also failed to allege any prejudice ensued or that the evidence was truly material. Plaintiff outright pleads that "[a]fter hearing the evidence, a jury found Plaintiff not guilty of all charges." (Doc. No. 1; Par. 31). While Plaintiff uses the words "material," he fails to allege that the result of his criminal prosecution would have been any different with the disclosure of the allegedly withheld information.

In *Rodriguez v. Woodall*, 189 Fed. App'x 522, 527 (7th Cir. 2006), the court noted that the § 1983 plaintiff had to show a deprivation of a Constitutional right and a "causal link between the injuries resulting from his conviction and the *Brady* violation." *Rodriguez*, 189 Fed. App'x at

527. Here Plaintiff is missing a causal link between the alleged deprivation of his Constitutional rights and an injury resulting from a conviction because Plaintiff was never convicted. In *Williams v. Garcia*, the court noted that a plaintiff cannot allege a *Brady* violation pursuant to § 1983 unless he was subject to an underlying conviction. *Williams v. Garcia*, No. 09 C 1915, 2009 WL 3678774 (N.D. Ill. Nov. 9, 2009) *citing Rodriguez v. Woodall*, 189 Fed. App'x 522. In that case, the plaintiff was never convicted. In the case at hand, "a jury found Plaintiff not guilty of all charges." (Doc. No. 11 Par. 31).

There is no allegation in Plaintiff's Complaint to suggest that any prejudice ensued as he fails to plead that the result of the prosecution would have been any different. Plaintiff fails to meet the base elements required to plead a *Brady* violation. Therefore, this Court should dismiss Count IV of Plaintiff's Complaint.

B. *Plaintiff disregards established case law that fabrication is not a* Brady *violation*

The Officers' alleged false and misleading police reports, false charges, and false accounts to Assistant State's Attorneys do not amount to a *Brady* violation. *See* (Doc. No. 1; Par. 20, 21, 29). "A lying witness is certainly not a *Brady* violation." *Carvajal*, 542 F.3d at 567. It is well established that the scope of *Brady* does not provide relief to a plaintiff where officers make false statements or falsify reports and charges. *See id*; *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003) *overruled on other grounds* (finding no *Brady* violation where detectives were providing false evidence). "The Constitution does not require that police testify *truthfully;* rather 'the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies.'" *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) *citing Buie v. McAdory*, 341 F.3d 623, 625-26 (7th Cir.2003).

There is nothing in Plaintiff's allegations to suggest that he did not receive a fair trial. In fact, Plaintiff alleges that the jurors found Plaintiff not guilty of all charges. *See* (Doc. 1; Par. 31). As clearly established from case law mentioned above, Plaintiff should not be entitled to relief through a § 1983 Due Process *Brady* claim where officers allegedly lied, created false reports and charges. Thus, Count IV of his Complaint should be dismissed.

C. *Plaintiff improperly asserts Due Process Rights pursuant to the Fourth Amendment*

Plaintiff's assertion of Due Process Rights pursuant to the Fourth Amendment is misplaced. In Count IV of his Complaint, Plaintiff alleges a violation of his Due Process rights "in violation of the Fourth and Fourteenth Amendment to the United States Constitution." (Doc. No. 1, Par. 10). Due Process rights are afforded through the Fifth and Fourteenth Amendments. *See generally Boumediene v. Bush*, 553 U.S. __, 128 S.Ct. 2229 (2008); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). The Fourth Amendment protects citizens from unreasonable search and seizure, and does not afford Due Process rights. Therefore, Plaintiff improperly asserts Due Process Rights pursuant to the Fourth Amendment and Count IV of his Complaint should thus be dismissed.

## II. Plaintiff's Conspiracy Claim

In Count V, Plaintiff broadly alleges that Defendants conspired to violate his Constitutional rights and cover-up wrongdoing. However, Plaintiff's own Complaint proves fatal to his conspiracy claim. Plaintiff's failure to plead any denial of his right to access the courts and his failure to meet heightened pleading requirements for conspiracy, warrant dismissal of this Count.

A. *Plaintiff has not been denied a right of access to courts*

Plaintiff's "cover up" conspiracy allegations fail because Plaintiff has not been denied a right of access to courts. Plaintiff alleges that Defendants conspired to violation his constitutional

rights and cover up their own and each other's misconduct in furtherance of their alleged conspiracy. *See* (Doc. No. 1; Par. 47).

In *Vasquez v. Hernandez*, 60 F.3d 325 (7th Cir. 1995), the plaintiffs brought a § 1983 action alleging that the defendants conspired to cover up a wrongful shooting by an off-duty police officer and impede the investigation of that shooting. *Vasquez*, 60 F.3d at 327. The district court granted summary judgment for the defendants. *Id.* at 328. On appeal, the Seventh Circuit found that the plaintiffs failed to demonstrate a constitutional injury. *Id.* The court noted that "[w]hen police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress [from the courts], constitutional rights are undoubtedly abridged." *Id.* It found that the plaintiffs failed to demonstrate a deprivation of access to the courts. *Id.* at 329.

In addition to alleging a denial of access to the courts, plaintiffs are also required to allege some concrete injury as a result of the cover-up. *Gibson v. City of Chicago*, 910 F.2d 110, 1523-24 (7th Cir. 1990). "When there are no allegations indicating that a defendant's cover-up prevented a plaintiff from pursuing a tort action or that the value of such an action was reduced by the cover-up, there is no basis for a § 1983 action because there has been no injury beyond the underlying torts." *Kies v. City of Aurora*, 149 F. Supp. 2d 421, 424 (N.D. Ill. 2001).

In the case at hand Plaintiff fails to allege any denial of access to courts as a result of Defendants' alleged "cover up." Additionally, Plaintiff fails to allege any concrete injury resulting from the cover-up. Plaintiff alleges that he was prosecuted and stood trial, resulting in a finding of not guilty. (Doc. No. 1; Par. 31). Plaintiff also was able to file his civil action against Defendants a little over one year after the July 26, 2008 encounter. There are no allegations that allege that Defendants prevented Plaintiff from bringing his § 1983 tort action or that the value

of this action has been at all reduced by Defendants' alleged cover-up. Thus, this Court should dismiss Plaintiff's Conspiracy Count.

B. *Plaintiff fails to meet the heightened pleading requirements for alleging conspiracy*

Plaintiff's skeletal conspiracy claim is insufficient to meet heightened pleading requirements for alleging conspiracy. Conspiracy claims are held to a higher standard than other allegations. *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009). "A bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim." *Id.* at 970. "Mere suspicion" that defendants have joined in a conspiracy against a plaintiff is not enough to withstand a motion to dismiss. The allegations must go "beyond a bare conclusion" that the defendants conspired against the plaintiff. *See id.* at 971.

In this case, Plaintiff merely restates the bare bones elements of conspiracy. Plaintiff alleges that Defendants "expressly or impliedly conspired and agreed to violate Plaintiff's constitutional rights" and that "they acted in furtherance of this conspiracy." (Doc. No. 1; Par. 47). Plaintiff fails to allege what Constitutional rights were violated. Plaintiff fails to allege how Defendants conspired to violate his Constitutional rights. Plaintiff's only statement outside of the bare elements of conspiracy is an alleged "cover up," which has been disposed of in the discussion preceding this section. Thus, Plaintiff has only a "mere suspicion" of conspiracy that does not extend beyond Plaintiff's "bare conclusion." Therefore, this Court should dismiss Count V of Plaintiff's Complaint.

**III. Plaintiff's Policy Claim**

Count VI of Plaintiff's Complaint is rife with implausible allegations and regurgitations of the elements of a *Monell* claim. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8 (a) (2).

Recently, the Supreme Court and the Seventh Circuit have addressed what constitutes a proper "showing" to meet the requirements of Rule 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (factual allegations must show a right to relief beyond the speculative level); *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950 (2009) (courts should not accept bare "recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*); *Brooks v. Ross*, No. 08-4286 (7th Cir. August 20, 2009).

In *Brooks v. Ross*, the Seventh Circuit summarized its own position when taking *Twombly* and *Iqbal* together. *Brooks,* No. 08-4286 at 12. It noted,

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Id.* In *Brooks*, the plaintiff filed suit in the Circuit Court of Cook County alleging various claims pursuant to § 1983 and additional state claims. *Id.* at 4. Defendants removed the action to federal court and subsequently filed a motion to dismiss for various reasons including "failure to state a claim." *Id.* at 5. The district court granted the defendant's motion for the plaintiff's failure to state a claim. *Id.* The Seventh Circuit affirmed. The court followed the Supreme Court's reasoning in *Twombly* and found that the " . . . [b]ehavior [plaintiff] ha[d] alleged that the defendants engaged in is just as consistent with lawful conduct as it is with wrongdoing. Without more, [plaintiff's] allegations are too vague to provide notice to defendants of the contours of his § 1983 due process claim." *Id.* at 13. The court also pointed to paragraphs in the plaintiff's Complaint where the plaintiff did plead beyond tenuous facts.[1] However, the court still found the

---

[1] The specific paragraph that the court was referencing in this discussion states as follows: "Plaintiff is informed, believes and alleges that the Defendants while acting in concert with other State of Illinois officials and employees

allegations to be insufficient under the *Iqbal* standard because the allegations were "merely a formulaic recitation of the cause of action and nothing more." *Id.* at 13.

As in *Brooks*, Plaintiff's policy claim is merely composed of implausible facts and abstract recitations of elements. Plaintiff alleges that his "injuries . . . were [] caused by *policies and practices* of [the Village of Dolton], which allows its police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment . . . [this] misconduct . . . has become a widespread *practice*, and so well settled as to constitute a *de facto policy* . . ." (Doc. No. 1; Par. 50, 51) (emphasis added).

A. *Plaintiff presents implausible and sketchy factual allegations*

Plaintiff's factual allegations are so implausible and "sketchy" that they fail to provide sufficient notice to Defendants of what Plaintiff's claim actually is. While Plaintiff's vague and ambiguous "policy claim" resembles a *Monell* claim, there are no factual allegations to even hint at what official policy Plaintiff is seeking to recover from. A *Monell* claim is an action to hold the municipality liable when alleges Constitutional violations occur as a result of municipal policy or practice. *See Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). Here, Plaintiff is seeking to hold the Village liable for the alleged "widespread" policies and practices of allowing Officers to violate Constitutional rights of citizens. There is no allegation to suggest what those policies or practices are. There is no allegation to suggest what Constitutional rights are being violated. There is only the allegation that these amorphous practices "are so well settled as to constitute a *de facto* policy . . . " *See* (Doc. No. 1; Par. 51).

Plaintiff further pleads that the Village has created an "environment where rogue officers

---

of the Attorney General's Office, Department of Corrections and Prisoner Review Board did knowingly, intentionally and maliciously prosecute Plaintiff and Ronald Matrisciano in retaliation for Plaintiff and the said Ronald Matrisciano exercising rights and privileges under the Constitutions and laws of the United States and State of Illinois. "

are protected from any ramifications for their misconduct based on their political, familial, or person ties to [Defendant] Shaw and / or other Village officials." (Doc. No. 1; Par. 54). Again, Plaintiff's asserts are so implausible and void of clarity to even divulge a small clue as to what policy Plaintiff is attacking. In opening Paragraphs of Plaintiff's "policy" claim, Plaintiff was attacking the alleged "widespread" policies and practices of the allowing Officers to violate Constitutional rights of citizens. *See* (Doc. No. 1; Par. 50, 51). In his closing Paragraphs, Plaintiff is attacking the alleged personal ties of Officers to Village Officials. *See* (Doc. No. 1; Par. 54). None of these allegations enlighten Defendants of Plaintiff's specific claims. Therefore, this Court should find that Count VI of Plaintiff's Complaint fails to meet the pleading requirements of Rule 8.

B. *Plaintiff merely regurgitates elements of a* Monell *claim*

In addition to presenting implausible and sketchy facts, Plaintiff merely regurgitates elements of a *Monell* claim, contravening the Seventh Circuit's requirements for proper pleading pursuant to Rule 8. A plaintiff may plead an official policy through alleging, "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex. Rel. Sims v. Cnt'y of Bureau*, 506 F.3d 509 (7th Cir. 2007).

In Count VI of his Complaint, Plaintiff alleges that Officers' violation of citizens' Constitutional rights is "*a widespread practice*, and *so well settled* as to constitute *de facto* policy [of the Village of Dolton]." *See* (Doc. No. 1; Par. 50, 51, 54). Plaintiff essentially takes the definition of a *Monell* claim (municipal liability for Constitutional violations resulting from municipal polices or practices) and one method by which to establish a *Monell* claim and splices

11

them together to set forth his allegation. Thus, Plaintiff presents a crafted regurgitation of the basic elements of a *Monell* claim without any additional allegations to put Defendants on notice of the true nature of Plaintiff's claim. Therefore, this Court should find that Plaintiff's policy claim does not meet the requirements of pleading pursuant to Rule 8.

### IV. Plaintiff's Fourth Amendment Claim

Much like Plaintiff's blurred *Monell* allegations, Count II of Plaintiff's Complaint falls short. Plaintiff's allegations are confusing, unclear, and fail to put Defendants on notice of whom or what Plaintiff is targeting.

*a. Plaintiff's allegations are vague*

In his four Paragraph Count, Plaintiff starts with, "[a]s more fully described in the preceding paragraphs, Defendant Detectives seized and *searched* Plaintiff without a warrant, [] probable cause, [or] any other legal justification . . ." (Doc. No. 1; Par. 37). Plaintiff continues, " . . .[o]ne or more of the Defendant *Officers* were aware of the misconduct of his fellow officers with respect to Plaintiff, had a reasonable opportunity to intervene to prevent it, but failed to do so . . . [and] [a]s a direct and proximate result of Defendant *Officers* misconduct, Plaintiff has suffered damages . . ." (Doc. No. 1; Par. 38; 39) (emphasis added).

Again, Plaintiff's own Complaint proves fatal. Neither Plaintiff's four Paragraph "Unlawful Search & Seizure" Count or Plaintiff's thirty-one Paragraph "Fact" statements describe who Defendant "Officers" are. Plaintiff carefully crafted his allegations throughout the Complaint against particular Defendants, including "Unknown Officers" and "Defendant Detectives." However, Plaintiff fails to shed any light throughout his entire Complaint on who falls under the category of "Defendant Officers." Thus, this Count fails to put Defendants on notice as to whom this Count is directed.

The Count also fails to put Defendants' on notice of the actual factual allegations relating to "Unlawful Search and Seizure." Plaintiff's Complaint fails to describe what the Defendants' allegedly searched. It fails to describe the relationship between the knowledge of the elusive "Defendant Officers" and unlawful search and seizure. There is no connecting factual allegation in Plaintiff's fact statements or Count II of Plaintiff's Complaint to suggest what knowledge of misconduct and a failure to report has to do with unlawful search and seizure. As such, Plaintiff's factual allegations fall short of the requirements for Rule 8, and this Court should dismiss Count II of Plaintiff's Complaint.

      *b. Plaintiff carbon-copies the language of the Fourth Amendment*

Plaintiff carbon-copies the language of the Fourth Amendment to set forth his search and seizure claim in Count II. The Fourth Amendment states in pertinent part, "The right of the people to be secure . . . against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause . . ." U.S. CONST. Amend. IV. Plaintiff's sole Paragraph actually referencing unlawful search and seizure, states, " . . [d]efendant Detectives seized and *searched* Plaintiff without a warrant, [] probable cause, [or] any other legal justification . . ." (Doc. No. 1; Par. 37). Without any additional factual context or support, Plaintiff merely presents a rephrased recitation of what the Fourth Amendment states. Thus, Plaintiff fails to meet the pleading requirements discussed in *Brooks* and required by Rule 8. Accordingly, this Court should dismiss Count II.

## **CONCLUSION**

Counts II, IV, V, and VI of Plaintiff's Complaint all fail to state a claim for which relief can be granted. In Count IV, Plaintiff fails to allege any prejudice from the alleged *Brady* violation, wrongly defined the contours of *Brady*, and mistakenly relied on the Fourth

Amendment for Due Process relief. In Count V, Plaintiff fails to allege any denial of access to courts as a consequence of the alleged cover-up, and fails to meet the heightened pleading requirements for conspiracies. Finally, Count VI and II of Plaintiff's Complaint fails to put Defendants on notice of the nature of Plaintiff's claims. Therefore, all of the aforementioned Counts should be dismissed.

WHEREFORE, for the foregoing reasons, Defendants, VILLAGE OF DOLTON, Dolton Police Chief ROBERT E. FOX, SERGEANT REMPSON (#8), Detective D. GRIFFIN (#611), Detective COLEMAN (#607), Detective MCNEAL (609), and Dolton Inspector General ROBERT SHAW, respectfully request this Court dismiss the above-mentioned Counts with prejudice, grant Defendants an extension of time twenty-one (21) days from the date of ruling on this motion to answer any remaining counts of the Complaint, and grant any other relief that this Court deems necessary and just.

Respectfully submitted,

Defendants, Village of Dolton, Robert E. Fox, Sergeant Rempson, Detective Griffin, Detective Coleman, Detective McNeal, and Robert Shaw Jr.

BY: s/ Larry S. Kowalczyk
Attorney for Defendant

Larry S. Kowalczyk
Querrey & Harrow, Ltd.
175 W. Jackson Blvd.
Suite 1600
Chicago, IL 60602
(312) 540-7000

Document #: 1459340