IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 09 C 6351 |
| THE VILLAGE OF DOLTON, et al. | ) | |
| | ) | Judge Darrah |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff, DAVID SMITH, by and through one of his attorneys, Hamilton Law Office, respectfully submits this memorandum of law in opposition to Defendants' motion to dismiss Plaintiff's Complaint.

**INTRODUCTION**

On or about July 26, 2008, Plaintiff, David Smith and his friends were at the Shark's Fish and Chicken restaurant in Dolton. Complaint at ¶ 10. Defendant Detectives approached Smith and his friends, and in their company, Defendant Detective Griffin, without justification, threw Smith onto the police car, and began striking him. *Id.* at ¶¶ 11 and 12. Defendant Detectives handcuffed Smith and Detectives Griffin and Coleman continued to strike and kick Smith in the face and body. *Id.* at ¶¶ 13 and 14. Defendant Detectives brought Smith who was visibly injured and bleeding to the station and placed him in a cell. *Id.* at ¶¶15-17. As a result of the beating, Smith suffered serious pain and muscle spasms so severe that he urinated on himself. *Id.* at ¶ 22. Smith asked Defendants for medical attention but his requests were ignored. *Id.* at ¶ 18. When Smith was finally released from custody he went to Ingalls Hospital where he was diagnosed

with a nasal fracture, a concussion, multiple contusions and swelling, and he was prescribed morphine for pain. *Id.* at ¶¶ 23 and 24.

To cover up their wrongdoing, Defendant Detectives, conspired together to falsely arrest and charge Plaintiff with the possession of a small bag of marijuana they had actually recovered from someone else at the scene; they created false and misleading police reports, and withheld and destroyed evidence material to Smith's defense, including an eye-witnesses call to 9-1-1 and video surveillance from inside the Dolton Police Department. *Id.* at ¶¶ 21 and 27. Smith was forced to defend himself against the false charges for fourteen months without the assistance of the exculpatory evidence Defendants withheld from him and the prosecutors. *Id.* at ¶¶ 28 – 30. Upon information and belief, Defendant Shaw, who is responsible for the investigation of police misconduct in Dolton, deliberately turned a blind eye to the misconduct in this case in furtherance of the conspiracy. *Id.* at ¶ 53. Smith was forced to stand trial on the false charges Defendants placed against him, and was ultimately found not guilty. *Id.* at ¶ 31.

The conduct of Defendants was caused in part because the Defendant Village has declined to implement sufficient hiring, training and/or any legitimate and/or effective mechanisms for oversight, investigation, and/or punishment of police officer misconduct, in part evidenced by Defendant Shaw's deliberate dereliction of his duties regarding numerous prior instances of police misconduct committed by members of the Dolton Police Department. *Id.* at ¶¶ 52 and 53.

Plaintiff has brought this lawsuit seeking redress for the beating he suffered at the hands of Defendants (Excessive Force - Count I); for his unlawful arrest and malicious prosecution, searching of his person (Unlawful Search and Seizure - Count II, and Malicious Prosecution – Count VII); for Defendants' unreasonable failure to provide him with medical attention despite

his broken bones, muscle spasms, and obvious injuries (Failure to Provide Medical Care - Count III), for Defendants' withholding and/or destruction of material and exculpatory evidence including the eyewitnesses' 9-1-1 call and the video surveillance tape (*Brady* Due Process right - Count IV), for the Village's widespread practices that in part lead to the harm to Smith has suffered (Policy Claim – Count VI), and for Defendants' conspiracy to commit the federal claims described above. (Conspiracy – Count V). Defendants have filed a motion to dismiss Plaintiff's Unlawful Search & Seizure, Brady Due Process, Conspiracy and Policy claims. Plaintiff files this memorandum in opposition.

## STANDARD OF REVIEW

In deciding a motion to dismiss brought pursuant to FRCP 12(b)(6), a court must review the complaint's factual allegations and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. *Autry v. Northwest Premiums Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). A Rule 12(b)(6) motion may only be granted if it appears from the four corners of the complaint, that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The liberal notice pleading standard of federal practice applies equally to civil rights claims brought pursuant to section 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit,* 507 U.S. 163, 164-169. Under the notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a cause of action…" *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).

## ARGUMENT

3

In seeking to dismiss Plaintiff's unlawful search and seizure, and policy claims (Counts II, V, and VI) Defendants contend that Plaintiff's Complaint does not put them on fair notice to satisfy the pleading requirements of Federal Rule Civil Procedure 8(a). Defendants move to dismiss Plaintiff's conspiracy claim on the ground that Plaintiff had access to the courts. Defendants' arguments to dismiss Plaintiff's *Brady* claim are three-fold. First, Defendants argue that Plaintiff failed to allege exculpatory information was withheld. Second, Defendants contend that false reports and false accounts do not a *Brady* claim make. Third, that Plaintiff cannot allege "prejudice" because he was found not guilty at trial. Because each of Defendants arguments is meritless at this stage of the proceedings, Plaintiff respectfully requests this Court deny their motion in its entirety.

**I.     Plaintiff's Unlawful Search and Seizure and Policy Claims Both Satisfy the Notice Pleading Requirement.**

Plaintiff's Complaint is sufficiently pled pursuant to Federal Rule of Civil Procedure 8(a). The rule provides in relevant part that, "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). The Seventh Circuit recently elaborated on the meaning of Rule 8(a)'s short and plain statement requirement in *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003):

> "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim."

More is required than bare "recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal,* 56 U.S. ___, 129 S.Ct. 1937, 1950 (2009). However, the plaintiff need not allege all of the facts involved in the claim and

4

can plead conclusions. *Higgs,* 286 F.3d at 439. One pleads a 'claim for relief' by "briefly describing the events." *Sanjuan,* 40 F.3d at 251. A plaintiff need not "plead facts that, if true, establish each element of a 'cause of action…' *Id.* ("At this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later").

In this case, Plaintiff has very obviously met this standard. In fact, Plaintiff devotes at least twenty-one paragraphs to describing the facts, and even identifies which acts of misconduct can be attributed to specific defendants, whenever possible. Plaintiff incorporates this twenty-one paragraph description of the events in the first paragraph of each of his clearly titled legal claims, including his unlawful search and seizure and policy claims, counts II and IV. Complaint at ¶¶ 40 and 49. Only by wholly ignoring this incorporation, as well as paragraphs ten through thirty-one, could it possibly be argued that only the elements and conclusory statements have been alleged. *Iqbal*, 129 S.Ct. at 1950. Of course these twenty-one paragraphs and description of the events are incorporated, and therefore Plaintiff's Complaint satisfies the notice requirement.

Defendants' cite two cases to support their arguments here. *See*, Defendants Motion at p. 9 (*citing, Brooks v. Ross*, No. 08-4286 (7th Cir. August 20, 2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 54 (2007)) In those cases, courts concluded that the complaints were insufficient because the plaintiff's allegations were "just as consistent with lawful conduct as it is with wrongdoing." That is obviously not true of Plaintiff's complaint. Plaintiff's Complaint alleges Defendant Detectives, without justification, beat him, handcuffed him, detained him, filed false reports, filed false charges, destroyed or withheld exculpatory evidence as part of a conspiracy to do the same. Clearly, there

can be no confusion that Defendants conduct as alleged in the Complaint was anything but unlawful.

Regarding Plaintiff's policy claim, Defendants devote four pages of their motion to argue that Plaintiff's claim has "no factual allegations to even hint at what official policy Plaintiff is seeking to recover from." Defendants Motion pp. 8-12. In formulating their argument, however, Defendants select partial quotes from paragraphs 50 and 51 of the Complaint only, wholly ignoring the rest, including specifically paragraphs 52, 53, and 54. *Id.* These paragraphs, when not ignored, provide the very facts that Defendants claim are missing from the Complaint:

> 52. The widespread practice described in preceding paragraphs was allowed to flourish because Defendant VILLAGE has **declined to implement sufficient hiring, training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct**.
>
> 53. On information and belief, Defendant SHAW, who is responsible for the investigation of public corruption and misconduct in Dolton and who himself exercises police powers, **deliberately turned a blind eye to repeated instances of police misconduct, including the incidents described herein.**
>
> 54. The misconduct described in preceding paragraphs is a direct and proximate result of the influence of DEFENDANT SHAW'S tenure as inspector general and DEFENDANT FOX'S tenure as Chief, a circumstance which has created an environment where rogue officers are protected from any ramifications for their misconduct based on their political, familial, or personal ties to SHAW and/or other Village officials. The environment of tolerance for police misconduct within the Village of Dolton is so prevalent and has become such a well-settled, widespread practice as to constitute *de facto* policy of the municipality.

Clearly, based on the allegations, this is not a case where Defendants "need to try to fish a gold coin from a bucket of mud" to be on notice of Plaintiff's claims against them. *See, Lockheed-Martin Corp.*, 328 F.3d at 378.

Plaintiff's complaint sufficiently apprises Defendants of Plaintiff's claims against them. Defendants' motion to dismiss counts II and VI for failing to plead these claims with

sufficient particularity should be denied.

## II. Plaintiff Has Sufficiently Plead A Conspiracy Claim Even Though Plaintiff Had Access To The Courts.

Defendants also argue that Plaintiff has not properly plead a conspiracy claim because he failed to plead that he was denied access the courts and because he "fails to allege what Constitutional rights were violated" by the conspiracy. Defendants Motion at p. 8. Plaintiff's Complaint labels each Constitutional claim in the title of each count. In the count entitled "Conspiracy", Plaintiff alleges,

> "47. Defendant DETECTIVES along with Defendants REMSON, FOX and SHAW impliedly or expressly conspired and agreed to violate PLAINTIFF'S constitutional rights and to cover up their own and each others' misconduct, acting in furtherance of this conspiracy as more fully described above."

Complaint at ¶ 47. Moreover, Plaintiff alleges the overt acts Defendants claim are missing:

> 20. To cover up their wrongdoing, Defendant DETECTIVES falsely charged PLAINTIFF with possession of a small bag of marijuana they had recovered from another person at the scene of Plaintiff's arrest, as well as battery and resisting arrest.
>
> 21. Defendant DETECTIVES created false and misleading police reports and gave false accounts to Assistant State's Attorneys regarding the circumstances surrounding Plaintiff's arrest and the cause of his injuries.
>
> …
>
> 27. During the criminal prosecution, DEFENDANTS withheld and/or destroyed documents and other evidence material to Plaintiff's defense, including an audio recording of an eyewitness' call to 9-1-1 and video surveillance recordings from inside the Dolton Police Department.
>
> 28. In the course of the criminal prosecution, DEFENDANT FOX and other UNKNOWN OFFICERS knowingly withheld evidence subpoenaed by PLAINTIFF'S attorney, including reports and video related to PLAINTIFF'S arrest and incarceration.

But even without alleging such overt acts, Plaintiff's conspiracy claim is sufficiently plead because the conspiratorial agreement may be inferred from circumstantial evidence. *Hernandez*

7

*v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999).

In support of their argument with respect to Plaintiff's conspiracy claim, Defendants cite *Vasquez v. Hernandez*, 60 F.3d 325 (7th Cir. 1995). In *Vasquez*, (decided at the summary judgment phase and not at the pleading stage), the plaintiff was shot by off-duty police officers that were target practicing. *Id.* The "shooting officers" conspired to cover-up the fact that they shot Vasquez, blaming the shooting on gang members. *Id.* The FBI and other investigators ("investigating officers") conducted an investigation that lasted six-months in which they uncovered that the officers were responsible for the shooting. *Id.* The Vasquezes then brought a civil suit alleging a battery and conspiracy against the shooting officers, but also sued the FBI investigators alleging that their delay in identifying the shooters denied plaintiffs' access to the courts. *Id.* The underlying act of the conspiracy alleged against the FBI "investigating officers" was the deprivation of Plaintiff's right of access to the court. The court dismissed the conspiracy claim against the FBI "investigating officers" on account of the fact that the Vasquezes did, in fact, have access to the courts – albeit only after they learned the true identity of the shooters (and actually as a consequence of the FBI investigation) *Id.* at 330.

It is well settled that to have a claim of conspiracy under 42 U.S.C. §1983 there must be an underlying constitutional violation. *See, e.g., Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). But unlike the in *Vasquez,* here, Plaintiff has not alleged a First Amendment denial of access to the Courts claim. Rather, Plaintiff has alleged that Defendants conspired together to falsely arrest Plaintiff, to deny him medical attention, to deny him due process and to maliciously prosecute him, and that in furtherance of the conspiracy, they created false and misleading police reports, falsely reported events to prosecutors, and withheld material exculpatory evidence. A Section 1983 conspiracy claim need not necessarily be predicated upon a First Amendment

denial of access to the courts claim, as Defendants seem to argue. Rather, so long as Plaintiff's conspiracy claim is based upon an underlying constitutional violation, as it is here as to the federal claims he has alleged, it is a valid conspiracy claim. Thus, Defendants' attack upon Plaintiff's conspiracy claim fails.

### III. Plaintiff Has Sufficiently Plead his *Brady* Due Process Claim.

The parties agree that at trial, in order to sustain his *Brady* due process claim, Plaintiff will ultimately need to prove (1) that Defendants withheld or suppressed evidence; (2) which would have been favorable to Plaintiff, either because it was exculpatory or had impeachment value; and (3) which was material to an issue at trial. *Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005).

Defendants' arguments to dismiss Plaintiff's *Brady* claim are essentially three[1]: (1) Plaintiff has not adequately plead that evidence withheld was exculpatory; (2) Plaintiff's claim is a federal malicious prosecution claim that does not qualify as due process claim under the law; and (3) Plaintiff has not shown prejudice because he had a trial and was found not guilty. None of Defendants arguments warrant the dismissal of Plaintiff's *Brady* claim at this stage of the proceedings.

### A. Plaintiff has sufficiently alleged that the withheld evidence was exculpatory

Plaintiff has adequately alleged that Defendants withheld exculpatory evidence and has even alleged what was withheld, though under notice pleading standards this was not even required. The following paragraphs of Plaintiff's complaint are relevant to Plaintiff's due process claim:

---

[1] Defendants also alleged that Plaintiff's due process claim should be dismissed because he mistakenly alleged it under the Fourth and Fourteenth Amendments rather than the Fifth and Fourteenth Amendments. This typographical error does not warrant dismissal. *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Defendants have been more than sufficiently apprised of the claims against them.

9

> 27. During the criminal prosecution, DEFENDANTS withheld and/or destroyed documents and other evidence material to PLAINTIFF'S defense, including an audio recording of an eyewitness' call to 9-1-1 and video surveillance recordings from inside the Dolton Police Department.
>
> 28. In the course of the criminal prosecution, DEFENDANT FOX and other UNKNOWN OFFICERS knowingly withheld evidence subpoenaed by PLAINTIFF'S attorney, including reports and video related to PLAINTIFF'S arrest and incarceration.
>
> …
>
> 44. As described in the preceding paragraphs, Defendant DETECTIVES and Defendant FOX and other UNKNOWN OFFICERS deprived PLAINTIFF of due process by withholding material **exculpatory evidence** in violation of the Fourth and Fourteenth Amendment to the United States' Constitution.

Defendants' argument can easily be rejected as these paragraphs put Defendants on sufficient notice of the evidence they are accused of withholding or destroying and the fact that this evidence was material and exculpatory.

    **B.    Plaintiff has sufficiently alleged a Brady claim, not a federal malicious prosecution claim as Defendants suggest**

Defendants' second argument is as easily rejected as the first. Defendants contend that Plaintiff's due process claim is based solely upon allegations that Defendants created false police reports and falsely reported events to prosecutors, and that these allegations do not a *Brady* claim make. Defendants Motion at p. 5. However, as is set out in paragraphs 27 and 28, Plaintiff has alleged the withholding and destruction of exculpatory evidence including an audio recording of an eyewitness' call to 9-1-1, and video surveillance recordings from inside the Dolton Police Department. Plaintiff has made malicious prosecution-type allegations, but these serve as a basis for Plaintiff's malicious prosecution claim as well as factual evidence of the *Brady* and conspiracy claims. What Defendants seem to ignore, however, is that Plaintiff has also has made allegations in addition to these that are sufficient for pleading a *Brady* claim, including the

10

withholding and destruction of the 9-1-1 call and the video surveillance. Thus, Defendants' attempt to frame Plaintiff's *Brady* claim solely as a federal malicious prosecution claim also fails.

> **C. Plaintiff Was Denied a Fair Process During His Criminal Proceedings On Account of Defendants' Brady Violations, Even though He Was Ultimately Found Not Guilty At Trial.**

Defendants' third and final argument, that Plaintiff suffered no prejudice and was not "injured" because he had a trial, and was found not guilty flies in the face of the purpose of our Constitution's Due Process clause. Essentially, Defendants argument here, more applicable perhaps in a criminal as opposed to a civil setting, is that *Brady* is a trial right only, and because Plaintiff had a trial and was found not guilty, he cannot assert a due process claim based on a Brady violation. Plaintiff disagrees.

There are a growing number of cases within the Northern District of Illinois that hold that a *Brady* claim such as the one Plaintiff alleges here is actionable, even if the case was dismissed before trial. *Cavin v. City of Chicago, et al.*, 08 C 3501, *Not Reported* (N.D.Ill.2009)(J. Andersen) (denying Defendants' motion to dismiss on the grounds that an acquittal does not serve as a bar to a plaintiff's *Brady* claim); *Carroccia v. Anderson*, 249 F.Supp.2d 1016, 1023 (D.Ill.2003)(J. Kennelly); *Mosley v. City of Chicago*, 2007 WL 2608517 (N.D. Ill. )(J. Coar); *Cannon v. Burge*, 2006 WL 273544, *11 (N.D. Ill.)(J. St. Eve: "*Brady* violations may occur not only during a trial, but also before and after trial. The failure to comply with *Brady* results in a due process violation"); *Gomez v. Riccio*, 2005 WL 2978955, 6-7 (N.D.Ill.) (J. Grady); *Craig v. Chicago Police Officers*, 2005 WL 1564982, at *4-*5 (N.D.Ill.)(J. St. Eve); *Kidd v. City of Chicago*, 2003 WL 22243938, 2 (N.D.Ill.)(J. Bucklo: "Fourteenth Amendment guarantees due process not due results.")

In *Carroccia*, Judge Kennelly warned:

"A trial is not rendered fair simply because it ultimately results in an acquittal. As the Court stated in *Brady*, "our system of the administration of justice suffers when any accused is treated unfairly .... A prosecutor that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant." *Brady*, 373 U.S. at 87-88.

*Brady* and its progeny impose a duty on prosecutors and police officers to produce evidence favorable to the accused where the evidence is material either to guilt or punishment. *Brady*, 373 U.S. at 87. To discharge this duty, law enforcement officials must make prospective judgments regarding the materiality of exculpatory evidence that comes to their attention. They must decide in advance of trial, and without knowing how the trial will come out, whether evidence favorable to the accused has a "reasonable probability" of affecting the outcome of the case. If courts prohibit a criminal defendant from making a civil claim for concealment of material exculpatory evidence simply because his trial resulted in an acquittal, we tolerate law enforcement misconduct simply because the defendant was able to overcome it by other means. In this Court's view, such an approach undermines the important interests protected by *Brady* and its progeny."

*Carroccia*, 249 F.Supp. 2d at 1023.

In *Curtis v. City of Chicago*, Judge Darrah denied the Defendants' motion to dismiss the Plaintiff's due process claim where the prosecutors had dismissed the criminal charges prior to trial. 2002 WL 31803597 (N.D. Ill.) The Court found sufficient plaintiff's allegations that he was "wrongfully detained… for over two years due to the initiation of criminal charges based on falsified police records." Id. at *4. The Court concluded that the plaintiff had stated a due process violation because an unfair trial was a "predictable consequence" of the police misleading the prosecutors. *Id*.

The opinions in this district recognizing an actionable due process claim absent a trial, are not disturbed by Judge Shadur's earlier decision in *Gregory v. Oliver*, 226 F. Supp.2d 943, 953 (N.D. Ill. 2002). In *Gregory*, Judge Shadur granted a motion for summary judgment (as opposed to a motion to dismiss) finding that the plaintiff had failed to establish a factual dispute

12

given that the plaintiff was acquitted *at trial* and *since the Plaintiff never inquired during discovery* whether the prosecutor would have instituted or dismissed the proceedings had the police provided her with the exculpatory evidence. *See Id.* at 954. At issue before this Court is a very different issue: whether Plaintiff's claim survives a motion to dismiss so that discovery may be conducted.

The argument that a claim such as Plaintiff's here, cannot exist absent a trial takes too narrow a view of a *civil* Brady claim. The Seventh Circuit has defined the appropriate materiality standard under *Brady* as the "reasonable probability" standard: withheld information is material if there was a "reasonable probability" that "the result *of the proceeding* would have been different" if the evidence had been disclosed. *United States v. Jackson,* 780 F.2d 1305, 1309-10 (7th Cir.1986) (emphasis added). Some courts have taken a narrow view of the word "proceeding" and ruled that this phrase means a trial. *E.g. Lopez* 2007 WL 3171332 at *4 (N.D.Ill.). In fact, the Court in *Lopez* went on to state, "[a] defendant who is acquitted on all counts cannot possibly make the argument that the result of the proceedings would have been *more favorable* if information had not been withheld. In terms of the result of a criminal proceeding, there is no more favorable outcome for a criminal defendant than an outright acquittal." *Id.*

Plaintiff respectfully disagrees. Though an acquittal was indeed, a "favorable" outcome for David Smith, a dismissal fourteen months earlier would certainly have been "more favorable." Contrary to Defendants' arguments, Plaintiff suffered a legitimate injury in being forced to defend himself on these false charges for over a year. A reasonable probability exists that the disclosure of the withheld exculpatory evidence could have resulted in the entire criminal proceeding being dismissed sooner, or perhaps never even initiated. Plaintiffs who

have been prosecuted for years as a result of the withholding of material exculpatory evidence, have clearly been denied a fair *process*. A result-oriented interpretation of the Fourteenth Amendment is contrary to the plain meaning of the language employed by the drafters of our Constitution: "due process." It should not be a result-oriented determination, it was meant to safeguard *the process itself*. The "proceeding" is the criminal proceeding as a whole, not just the trial. "Wrongful suppression of exculpatory evidence is injurious to the defendant's right to fair *process,* even if it does not render an injury in the *outcome.* In other words, a favorable outcome does not guarantee a fair process." *Mosley*, 2007 WL 2608517 at *2.

Moreover, those cases that do not recognize a *Brady* claim absent a trial adopt the criminal interpretation of a *Brady* claim and do not take into account the differences between a criminal and a civil *Brady* claim. *Brady* violations in the criminal and civil contexts have entirely different remedies. Criminal courts should focus on trials and outcomes because the ultimate remedy for a Brady violation in a criminal case is a new trial. If the outcome of the trial is not likely to be any different with the exculpatory evidence, then there is no point in a new trial. In a civil case, the remedy for a Brady violation is compensation for damages suffered. Clearly, Plaintiffs can suffer serious damages as a result of the withholding of exculpatory evidence, short of a wrongful conviction, and thus before a trial ever occurs or despite a favorable outcome at trial. The materiality determination in the civil context need not, and should not, focus on the outcome of a trial, like in a criminal case. The question should instead be "is it reasonably probable that Plaintiff would not have suffered the damages he suffered if Defendant Officers had not withheld the evidence in question?" Ultimately, Plaintiff has sufficiently alleged a due process claim and Defendants' motion should be denied.

## **CONCLUSION**

Defendants have more than adequate notice of the claims against them in this case. A fair reading of Plaintiff's Complaint easily dispatches all of their arguments. WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' motions to dismiss in its entirety.

                                  Respectfully submitted,

                                  /s David Selmer
                                  *Of Counsel* for Plaintiff

DAVID N. SELMER
TORREYA L. HAMILTON
HAMILTON LAW OFFICE
11 South LaSalle Street
Suite 1000
Chicago, IL 60603
(312) 726.3173
ATTY NO. 6283972